SO ORDERED: November 25, 2009.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ADA M. JONES | ) | CASE NO. 08-05439-AJM-7 |
| Debtor | ) | |
| | ) | |
| | ) | |
| ADA M. JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADV. PROC. NO. 09-50281 |
| vs. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, LP | ) | |
| | ) | |
| Defendant | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW and**
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for hearing on November 4, 2009 upon the

Defendant's Motion for Summary Judgment. The Plaintiff appeared by counsel Julie

1

Camden and the Defendant appeared by counsel Tim Black.  Having reviewed the motion and all pleadings filed in conjunction therewith, as well as having heard the arguments of counsel, the Court now grants the Defendant's motion and makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On May 10, 2008, Ada M. Jones (hereafter referred to as "the Plaintiff" or "the Debtor") filed a voluntary chapter 7 case.  The Debtor's bankruptcy schedule D listed "Countrywide" ("Countrywide") as the holder of the first mortgage on the Debtor's residence located at 801 West Michele Court, Muncie, Indiana (the "Property") and the Debtor's Statement of Intention indicated that the Property was to be surrendered.  On August 28, 2008 (the "Discharge Date") the Debtor received a discharge of her debts and on December 5, 2008, her chapter 7 case was closed.

2. On or about March 1, 2009 – well after the Discharge Date – the Debtor received a statement (the "Communication") from Countrywide titled "For Information Purposes".  The second paragraph under "Important Notice" provided:

**The Impact of the Bankruptcy**.  Our records indicate that in the past you received a discharge of this debt in a bankruptcy case.  Section 524 of the Bankruptcy Code tells us the discharge of this debt means you have no personal obligation to pay it.  The discharge also protects you from any efforts by anyone to collect this discharged debt as a personal liability of the debtor.  You cannot be pressured to repay this debt.  On the other hand, the security agreement allows foreclosure if the requirements under the loan documents are not met.  We also need to tell you that this communication is from a debt collector.  This quick summary is not intended as legal advice.  You should consult your own advisors if you have legal questions about your rights.

**Payment Details**.   We received a number of calls from homeowners disturbed that they were receiving this message, as their bankruptcy occurred some time ago.  Others called asking for detailed information about the home loan.  Therefore, we are providing detailed home loan information as a courtesy to you.  This is not an attempt to

collect a debt that has been discharged.  This is not a demand for payment.  The coupon below and the envelope are provided as a courtesy to you.

The loan documents provide that if we do not receive the next scheduled home loan payment by 03/16/09, the loan may be assessed a late charge of $45.73.

3. On the bottom half of the page appeared a "Home Loan Summary", giving the principal balance and escrow balances and the amount of the home loan payment due on March 1, 2009.  There was also information regarding "how to make a payment" in the lower left hand corner of the page.

4. On May 6, 2009, the Debtor's chapter 7 case was reopened and the Debtor commenced this adversary proceeding by filing her Complaint Seeking Damages in Core Adversary Proceeding on May 9, 2009.  The Complaint seeks damages for the willful violation of the automatic stay under Section 362 in Count I and the violation of the discharge injunction under Section 524 in Count II.[1]  Both counts are based exclusively on the Debtor's receipt of the Communication.  No other actions by Countrywide are alleged in the Complaint.

5. The Defendant, BAC Home Loans Servicing, LP, is the successor in interest to Countrywide.

## **CONCLUSIONS OF LAW**

1. When a motion is filed under Rule 56, Federal Rules of Civil Procedure, the party bearing the burden of proof on an issue must come forward with evidence

---

[1] Paragraph E under the "Second Claim" alleging violation of the discharge injunction asks for "additional actual damages and statutory damages in sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692K".  The Debtor did not plead as an additional count any violation of the Fair Debt Collection Practices Act (which is what is presumed by "FDCPA") and therefore it was not and will not be addressed.

3

sufficiently establishing the existence of every element essential to the party's case to avoid a summary judgment for his or her opponent. *Celotex Corporation v. Catrett,* 477U. S. 317 (1986); *Anderson v. Liberty Lobby,* Inc., 477 U. S. 242 (1986). The Supreme Court in *Celotex* made it clear that where the party moving for summary judgment has no burden to carry on an issue, that party has no duty to negate the opponent's claim. 477 U. S. at 322. In *Anderson v. Liberty Lobby, Inc.,* 477 U. S. at 249-50, the Court observed that, although it is not the judges function to weigh the evidence and determine the truth of the matter on summary judgment, "... there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party (cite omitted). " "If the evidence is merely colorable, . . ., or is not significantly probative, . . ., summary judgment may be granted. " See *also Matsushita Electrical Industrial Company v. Zenith Company,* 475 U.S. 574 (1986); Collins v. *Associated Pathologists Ltd,* 844 F.2d 473, 476 (7th Cir. 1988); *Jamison-Bey v. Thieret,* 867 F.2d 1046 (7th Cir. 1989).

2.	The Defendant does not dispute that this Court has jurisdiction over this matter and that this matter is a core proceeding pursuant to 28 U.S.C. §1334 and §157(a) and (b).

### *Willful Violation of the Automatic Stay under §362(a)(3) and (6)*

3.	The Plaintiff alleges that Countrywide willfully violated the automatic stay when it sent the Communication to the Debtor, in contravention of Section 362(a)(3) of the Bankruptcy Code.  That section provides that the filing of a voluntary petition operates as a stay of any act to obtain possession or property of the estate or of

4

property from the estate or to exercise control over property of the estate.   Presumably, the Debtor alleges that, by sending the Communication to the Debtor, Countrywide engaged in an act to either obtain possession of or control over the Property.

    4.    The stay of an act against property of the estate ceases when the property is no longer property of the estate pursuant to Bankruptcy Code Section 362(c)(1).  By virtue of the "Order in No Asset Case" entered on July 30, 2008, the Property was abandoned from the estate and Countrywide was given (as were all other secured creditors) limited relief from stay to pursue their claims in accordance with applicable law.  Furthermore, the Debtor had been granted a discharge and her case had been closed at the time Countrywide sent and the Debtor received the Communication in early March, 2009.  The automatic stay ceases to be in effect upon the earlier of the granting of the discharge or the closing of the case pursuant to Bankruptcy Code Section 362(c)(1) and (2).  Therefore, at the latest, the automatic stay terminated on December 5, 2008 when the case was closed. There was no automatic stay in effect as of early March, 2009 when Countrywide sent and the Debtor received the Communication and therefore there was no pending automatic stay for Countrywide to violate.

    5.    The Plaintiff did not specifically allege a violation of Bankruptcy Section 362(a)(6), but that section provides that the automatic stay prohibits any act to collect, assess or recover a claim against the debtor that arise before the commencement of the case.  For the same reasons as articulate above, the automatic stay had terminated

prior to the time the Communication was sent and received and therefore there was no stay in place to violate.

6.  There is no genuine issue of material fact with respect to the Debtor's first count alleging violation of the automatic stay under 11 U.S.C. §362(a)(3) and (6) and the Defendant is entitled to judgment as a matter of law.

### *Violation of Discharge Injunction under §524(a)(2)*

7.  The Debtor's second count alleges a violation of the discharge injunction. Bankruptcy Code Section 524(a)(2) provides that a discharge in a bankruptcy case operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect or recover a debt as a personal liability of the debtor.  However, Bankruptcy Code § 524(j)(3) is an exception to §524(a)(2) and allows an act by a creditor if (1) the creditor retains a security interest in real property that is the principal residence of the debtor; (2) the act complained of is in the ordinary course of business between the debtor and the creditor and (3)  "such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuant of in rem relief to enforce the lien".

8.  The letter sent from Countrywide to the Debtor falls squarely within the 524(j)(3) exception.  As of early March, 2009, Countrywide was a secured creditor who held a mortgage in the Debtor's principal residence.  The Communication provided that it was being provided to the Debtor as a courtesy to her and was a communication about the Debtor's home loan, matters that were within the ordinary course of business between Countrywide and the Debtor.  Finally, the Communication is replete with

references that the Debtor was not obligated to pay the debt owed to Countrywide. The Communication expressly provided that (a) it was for informational purposes only; (b) as a result of the bankruptcy discharge the Debtor had no obligation to repay her debt to Countrywide; (c) the discharge protected the Debtor from any efforts by anyone to collect the discharged debt as a personal liability; (d) the Debtor could not be pressured to repay the debt; (e) it was not an attempt to collect the debt that had been discharged; (f) it was not a demand for payment; and (g) the security agreement between the Debtor and Countrywide allowed foreclosure if the requirements of the loan documents are not met. In addition, the Communication included a payment coupon to allow payment should the Plaintiff desire to make a payment. Countrywide's act of sending the Communication was excepted from the discharge injunction by the §524(j)(3) exception.

9.    There is no genuine issue of material fact with respect to the Debtor's second count alleging violation of the discharge injunction under 11 U.S.C. §524(a)(2) and the Defendant is entitled to judgment as a matter of law.

### *Order*

Based on the Court's findings and conclusions, the Defendant's Motion for Summary Judgment on both counts of the Plaintiff's complaint is GRANTED.

Distribution:

Timothy L. Black, Attorney for Defendant
Feiwell & Hannoy, P.C.
251 N. Illinois Street, #1700
P.O. Box 44144
Indianapolis, IN  46244

Robert S. Koor, Case Trustee
P.O. Box 428  117 North High Street
Muncie, IN 47308

Nancy Gargula, United States Trustee
101 West Ohio Street, Suite 1000
Indianapolis, IN 46204

Julie A Camden,  Attorney for Plaintiff
Attorney at Law
9000 Keystone Crossing, Suite 660
Indianapolis, IN 46240